IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ERICA HIGGINBOTHAM | CIVIL DIVISION |
| Plaintiff, | GD No. 17-016986 |
| vs. | COMPLAINT IN CIVIL ACTION |
| LIBERTY INSURANCE CORPORATION, | Code: 011 |
| Defendant. | Filed on behalf of: Erica Higginbotham, Plaintiff |
| | Counsel of Record for this Party: |
| | Daniel P. McDyer, Esquire<br>Pa. I.D. # 19854 |
| | 2900 BNY Mellon Center<br>500 Grant Street<br>Pittsburgh, PA 15219 |
| | (412) 765-3700 |

FILED 18 MAY 14 AM10:25 DEPT OF COURT RECORDS CIVIL/FAMILY DIVISION ALLEGHENY COUNTY PA

**Exhibit A**

## NOTICE

You have been sued in court. If you wish to defend against claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

LAWYER REFERRAL SERVICE
THE ALLEGHENY COUNTY BAR ASSOCIATION
400 Koppers Building, 11th Floor
436 Seventh Avenue
Pittsburgh, Pennsylvania 15219
(412) 261-5555

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Erica Higginbotham, and by her attorneys, files the following complaint:

### Parties

1. Plaintiff is Erica Higginbotham, ("Erica Higginbotham" or "Plaintiff") an adult individual residing in Cranberry Township, Pennsylvania.

2. Defendant is Liberty Insurance Corporation, ("Liberty Insurance" or "Defendant") an insurance company authorized to do business in Pennsylvania and to issue policies of insurance to residents and homeowners in Pennsylvania; Liberty Insurance has an administrative office in Boston, Massachusetts and a field litigation office in Allegheny County, Pennsylvania.

### Jurisdiction and Venue

6. This Court has jurisdiction pursuant to 42 Pa. C.S.A. 931(a) as Plaintiff is domiciled in the Commonwealth and Defendant is qualified under the law of Pennsylvania to issue insurance policies and continuously carries on business in Pennsylvania.

7. Venue is proper as Liberty Insurance regularly does business in Allegheny County and that county is where occurrences took place out of which the causes of action arose.

### Facts

8. Plaintiff purchased the LibertyGuard Deluxe Homeowners policy with personal liability protection. Policy number 37-288-654055-701 6 was in effect from December 4, 2011

1

to December 4, 2012; and policy number H37-288-654055-702 6 was in effect from December 4, 2012 through December 4, 2013. Each policy carried liability limits of $300,000.

9. As amended the policy provided liability protection as follows:

SECTION II-LIABILITY COVERAGES

COVERAGE E-Personal Liability

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.

10. A suit was brought against Plaintiff and an underlying amended complaint was filed in this Court, which alleged that Plaintiff, Erica Higginbotham, was careless in her supervision of minors S.C. and E.C.

11. The underlying amended complaint alleged that Plaintiff, Erica Higginbotham, was negligent in failing to reasonably supervise the minors, in allowing the minors to be alone with David Higginbotham and in failing to recognize or prevent the danger posed to E.C. and S.C. by David Higginbotham, Plaintiff's father-in-law.

2

12. As to David Higginbotham, the underlying amended complaint alleged that he had sexual contact and offensive contact with the minors, on dozens of occasions when the minors were visiting the residence of David Higginbotham between 2009 and 2013.

13. David Higginbotham was not a party to, nor was he an insured under the LibertyGuard policies.

14. By letter dated December 14, 2015 Liberty Insurance wrote that it would defend Plaintiff in the underlying lawsuit as the amended complaint potentially sought damages for bodily injury, but Liberty disclaimed any obligation to indemnify Plaintiff.

15. After creating the conflict between itself and Plaintiff, Liberty Insurance offered Plaintiff the option of controlling the underlying litigation, but only if Plaintiff, rather than Liberty, paid the expense of her defense.

16. Liberty also conditioned Plaintiff's recovery of any of her defense expenses upon Plaintiff first proving coverage under the LibertyGuard policies.

17. As a result, Liberty Insurance was able to retain control over the underlying lawsuit allowing Liberty the opportunity to reconfigure that litigation to assist Liberty in its attacks on Plaintiff's coverage.

18. The underlying amended complaint raised claims that alleged serious harm to school age children.

19. Plaintiff is a licensed school teacher, who had been employed by a public school district to educate and work with children in the past; plaintiff intended to educate and work with school age children in the future.

20. Instead of isolating Plaintiff from the allegations of sexually abusive conduct, Liberty Insurance sought to benefit its coverage position by conflating the bodily injuries of the children and Plaintiff's allegedly careless acts with the criminal acts of sexual abuse alleged against David Higginbotham.

21. Liberty Insurance also pursued a two year claim handling strategy to delay resolution of the underlying claims and improve its negotiating position through threats of withdrawing Plaintiff's defense and declining Plaintiff's coverage and instituting lawsuits against the underlying claimants and Plaintiff, its policyholder, whom Liberty simultaneously had promised to defend.

22. Liberty Insurance knew or should have known that handling the claims in the foregoing manner and as alleged below would be likely to cause severe emotional distress to Plaintiff.

23. Nevertheless, on January 8, 2016 Liberty Insurance filed a complaint in U.S. District Court against Plaintiff and the minor claimants attacking Liberty's duty to defend or indemnify Plaintiff.

24. The filing of a declaratory judgment complaint in District Court forced Plaintiff to hire counsel to defend her from Liberty Insurance's coverage attacks.

25. In District Court, Plaintiff prepared and filed a motion to dismiss for lack of jurisdiction, a brief in support, a reply brief and a motion for judicial notice.

26. Plaintiff was also required to prepare a complaint for declaratory judgment against Liberty Insurance that was filed on March 22, 2016 in the Court of Common Pleas of Allegheny County at GD 16-004449, following which District Court declined to exercise jurisdiction and granted Plaintiff's motion to dismiss the complaint of Liberty Insurance.

27. On May 18, 2016 the underlying claimants attempted to mediate with Liberty Insurance, but without success.

28. Liberty Insurance actively pursued litigation against Plaintiff and the underlying claimants and threatened to withdraw coverage for Plaintiff.

29. On June 17, 2016 Liberty Insurance filed a counterclaim for declaratory judgment in the Common Pleas Court, raising the criminal conduct of David Higginbotham, a stranger to the Liberty Insurance's policies, as a basis for denying coverage to Plaintiff.

30. In the counterclaim, Liberty Insurance ignored the allegations of negligence, and contended that Plaintiff's defense and indemnity of the children's claims for bodily injury were excluded under exclusion k. "Arising out of sexual molestation, corporal punishment or physical or mental abuse;…" of David Higginbotham.

31. Two policy exclusions for business pursuits were pled in Liberty's counterclaim, but were eventually abandoned, Liberty having chosen to raise the inapplicable, but most embarrassing, exclusion for sexual abuse.

32. The contention of Liberty Insurance, that the sexual abuse exclusion should be applied to exclude insurance protection for Plaintiff's allegedly negligent conduct was without reasonable basis and was known by Liberty Insurance to have been without reasonable basis or recklessly disregarded.

33. The decisional law of Pennsylvania since at least 1998 has enforced liability coverage for an allegedly negligent insured even if that negligence was alleged to have failed to prevent intentional or criminal acts.

34. Despite the foregoing, on December 28, 2016 Liberty Insurance filed a motion for judgment on the pleadings in the Common Pleas Court action requesting the Court to declare that Liberty Insurance had no duty to defend or indemnify Plaintiff in the underlying action due to allegations of sexual abuse by David Higginbotham and policy exclusion k. regarding sexual molestation.

35. Exclusion k. of the LibertyGuard policy was cryptic in form; it used the phrase "arising out of" but failed to define it, failed to explain what type of causation was intended, and failed to explain how the exclusion was intended to be applied in claims with separate acts by multiple tortfeasors.

36. Given the decisional law and the terms of exclusion k., the exclusion could not reasonably be regarded as a basis to deny the policy's duty to defend the negligence claims against Plaintiff, the named insured under the policy.

37. In support of the motion for judgment on the pleadings, Liberty Insurance could not cite a single relevant case in support of that motion and subsequent supplemental briefs of Liberty Insurance cited cases that were inapposite.

38. On March 20, 2017 the trial court denied the motion of Liberty Insurance for judgment on the pleadings.

39. On April 17, 2017 Liberty Insurance filed a motion to modify the March 20, 2017 order that had denied the motion for judgment on the pleadings, noting in its motion to modify and brief in support that the March 20 order was interlocutory.

40. On May 3, 2017 at the request of Liberty Insurance the trial court modified the March 20 order and amended that order to read: "Liberty Insurance Corporation's Motion for Judgment on the Pleadings is denied because plaintiff has pleaded facts which arguably bring this case within the holding of *Board of Education of the School District of Pittsburgh v. National Union Fire Insurance Company Pittsburgh, PA*, 709 A.2d 910 (Pa. Super. 1998)."

41. After having pointed out that the original March 20, 2017 order denying the motion of Liberty Insurance for judgment on the pleadings was interlocutory, Liberty Insurance filed a notice of appeal to Superior Court on June 2, 2017 from the modification order of May 3, 2017.

42. On July 7, 2017 Superior Court, *sua sponte*, directed Liberty Insurance to show cause why the appeal should not be dismissed as taken from an interlocutory order.

43. On July 11, 2017 Plaintiff moved to quash the appeal because for some time the Supreme Court had made it clear that appeals of orders resulting from proceedings under the Declaratory Judgment Act must satisfy the requirement of finality to be appealable.

44. In response, Liberty Insurance could not cite any relevant authority to support its taking an appeal.

45. On August 3, 2017 Superior Court granted the Plaintiff's motion to quash the appeal.

46. Prior thereto or about that time, Plaintiff's insurers settled the underlying litigation against Plaintiff.

47. While having undertaken the control and defense of the underlying litigation, Liberty Insurance simultaneously pursued the foregoing conduct and litigation against the interests of Plaintiff and delayed its resolution of the underlying action all at the expense of Plaintiff.

## COUNT I—CONTRACTUAL BAD FAITH

48. Paragraphs 1 to 47 of this complaint are incorporated herein by reference.

49. The conduct incorporated herein from the foregoing paragraphs was committed by Liberty Insurance while it had undertaken a fiduciary obligation to defend Plaintiff.

50. Liberty Insurance breached its contractual duty of defense and good faith and fair dealing in the particulars incorporated from foregoing paragraphs and as follows:

    a. by undertaking to provide Plaintiff with a defense, but actively conducting itself inconsistently with the duty to defend;

    b. by leveraging itself to an improved bargaining position with underlying claimants at Plaintiff's detriment;

    c. by handling the claims so as to cause expense and severe emotional distress to Plaintiff;

    d. by recklessly attacking the insurance coverage that it promised to provide;

    e. by undermining the security and peace of mind that was promised to Plaintiff by the policy;

    f. by asserting the sexual abuse exclusion as a basis to avoid the duty to defend when it was unwarranted;

    g. by taking an appeal from adverse rulings when an appeal was unwarranted;

    h. by failing to conduct a prompt and adequate investigation of its coverage obligations;

    i. by failing to adopt or follow reasonable standards for investigation and analysis of its policy obligations; and

    j. by failing to adequately protect Plaintiff from the conflict that it created by its claim handling strategy.

51. As the direct, factual and proximate cause of the breach of the contractual duties by Liberty Insurance, Plaintiff suffered the following damages:

    a. severe emotional distress that resulted in physical harm, aggravation of preexisting physical condition and medical treatment;

    b. embarrassment, humiliation, mental anguish and anxiety;

    c. legal expenses;

    d. expenses for medical treatment; and

    e. interest.

WHEREFORE Plaintiff demands judgment against Liberty Insurance Corporation in an amount in excess of the compulsory arbitration limit for compensatory damages and such other relief as the court deems appropriate. JURY TRIAL DEMANDED

### COUNT II—STATUTORY BAD FAITH

52. Paragraphs 1 to 51 of this complaint are incorporated herein by reference.

53. Liberty Insurance acted without reasonable foundation in using exclusion k. as a basis to attack the policy coverage and knew that it lacked reasonable basis to so attack the coverage owed to Plaintiff for the underlying claim.

54. The conduct of Liberty Insurance as alleged herein and as incorporated constituted bad faith under 42 Pa. C.S.A. section 8731.

55. As a result, Plaintiff is entitled to an award of damages, including punitive damages, counsel fees and interest.

WHEREFORE, Plaintiff, Erica Higginbotham, demands judgment against Defendant, Liberty Insurance Corporation, as aforesaid, in an amount in excess of the compulsory arbitration limit and such other relief as the court deems appropriate.

BY: /s/ Daniel P. McIntyre
Counsel for Plaintiff,
Erica Higginbotham

## VERIFICATION

I, <u>Erica Higginbotham</u> hereby verify that the statements of fact set forth in the foregoing complaint are true and correct to the best of my knowledge, information or belief.

I understand that false statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsifications to authorities.

*Erica L. Higginbotham* (signature)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Complaint in Civil Action was served by U.S. mail postage prepaid and return receipt requested on this 14 day of May, 2018 to the Defendant listed below:

Liberty Insurance Corporation
175 Berkeley Street
Boston, MA 02116
ATTN: Officer for Service of Process

With email copy to:

William C. Foster, Esquire
Marshall Dennehey
2000 Market Street
Suite 2300
Philadelphia, PA 19103
wcfoster@mdwcg.com

BY: _____
COUNSEL FOR PLAINTIFF